**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re: | Case No. 25-16093 |
| Gregory Bell | Chapter 13 |
| Debtor. | Hon. Judge Donald R. Cassling |

**NOTICE OF MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE FOR LB-TREEHOUSE SERIES VI TO DISMISS CASE AND FOR ORDER
BARRING DEBTOR FROM REFILING FOR 180 DAYS**

**VIA ELECTRONIC NOTICE:**

Thomas G. Stahulak, Debtor's Counsel, tom@getfiled.com

Thomas H. Hooper, Trustee, thomas.h.hooper@chicagoch13.com

Adam G. Brief, Office of the U.S. Trustee, USTPRegion11.ES.ECF@usdoj.gov

**VIA U.S. MAIL:**

Gregory Bell, Debtor, 3451 W. 147th Street, Midlothian, IL 60445

See attached service list (Mailing Matrix)

Please take notice that on December 11, 2025 at 9:30 a.m., or as soon thereafter as counsel may be heard, I will appear before the Honorable Judge Donald R. Cassling, or any judge sitting in that judge's place, either in Courtroom 619 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, or electronically as described below, and present the attached *Motion of U.S. Bank Trust National Association, as Trustee for LB-Treehouse Series VI Trust to Dismiss Case and for 180 Day Bar to Debtor Refiling,* which has been electronically filed this date with the Clerk of the U.S. Bankruptcy Court for the Northern District of Illinois, a copy of which is hereby served upon you by electronic notice or U.S. Mail.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone:

**To appear by video,** use this link:  https://www.zoomgov.com/join.  Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 414 7941** and the Passcode is **619**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: December 2, 2025

Respectfully Submitted,

/s/ Jon J. Lieberman
Jon J. Lieberman (OH 0058394)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Movant

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the above-named parties by electronic filing or, as noted above, by placing same in a properly addressed and sealed envelope, postage prepaid, and depositing it in the United States Mail at 394 Wards Corner Rd., Suite 180, Loveland, OH 45140 on December 2, 2025, before the hour of 5:00 p.m.

/s/ Jon J. Lieberman
Jon J. Lieberman (OH 0058394)
Attorney for Movant

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: | Case No. 25-16093 |
| Gregory Bell | Chapter 13 |
| Debtor. | Hon. Judge Donald R. Cassling |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR LB-TREEHOUSE SERIES VI TO DISMISS CASE AND FOR ORDER BARRING DEBTOR FROM REFILING FOR 180 DAYS**

Now comes U.S. Bank Trust National Association, as Trustee for LB-Treehouse Series VI, and/or its assigns (hereinafter "Movant") a secured creditor herein, by its attorneys, Jon J. Lieberman and the law firm of Sottile & Barile, LLC, and respectfully requests this Court dismiss this case pursuant to 11 U.S.C. §1307(c)(1) and for an Order barring the Debtor from refiling a subsequent bankruptcy case for 180 Days, pursuant to 11 U.S.C. §105(a).  In support of this motion, the Movant states:

1.      On October 20, 2025, Gregory Bell (hereinafter, "Debtor") filed this Chapter 13 case, Case No. 25-16093.

2.      On December 22, 2005, Gregory Bell, did execute a certain Note in the amount of $151,920.00, secured by a Mortgage, executed by Gregory Bell on the property commonly known as 13451 W. 147th Midlothian, IL 60445 (the "Property") recorded in Cook County, Illinois on December 28, 2005, as document number 0536245030. (Exhibit "A" – Loan Documents).

**PROPERTY DESCRIPTION**
LOTS 1 AND 2 IN BLOCK 2 IN MARKHAM-MIDLOTHIAN ADDITON, A SUBDIVISION IN THE NORTHWEST 1/4 (EXCEPT THE WEST 5 ACRES OF THE NORTH 1/2 THEREOF) OF THE SOUTHEAST 1/4 AND THE WEST 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 11, TOWNSHIP 36 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

3.      Prior to the filing of the Debtor's current Chapter 13 case, the following Chapter 13 bankruptcy cases were filed by the Debtor and all failed and were dismissed. The Debtor's primary purpose in filing these cases was to save his principal residence from foreclosure sale.

| Case Number | Chapter | Date of filing | Date of dismissal and basis for dismissal |
|---|---|---|---|
| 07-17120 | 13 | 09/20/2007 | Dismissed for Other Reason on 07/01/2008 |
| 08-24208 | 13 | 09/12/2008 | Dismissed for Other Reason on 02/27/2009 |
| 11-51725 | 13 | 12/29/2011 | Dismissed for Other Reason on 07/11/2012 |
| 12-36461 | 13 | 09/14/2012 | Dismissed for failure to make plan payments on 07/24/2013 |
| 13-36786 | 13 | 09/18/2013 | Dismissed for failure to make plan payments on 03/10/2015 |
| 15-12044 | 13 | 04/02/2015 | Dismissed for failure to make plan payments on 11/23/2015 |
| 16-37461 | 13 | 11/28/2016 | Dismissed for failure to make plan payments on 07/19/2018 |
| 18-23108 | 13 | 08/16/2018 | Dismissed for failure to make plan payments on 07/25/2019 |
| 20-03722 | 13 | 02/10/2020 | Dismissed for Other Reason on 05/28/2020 |
| 22-14301 | 13 | 12/12/2022 | Dismissed for Other Reason on 03/09/2023 |
| 24-09023 | 13 | 06/19/2024 | Dismissed for failure to make plan payments on 05/15/2025 |

4.      As of the date of the service of this pleading, the Debtor is contractually due for the June 1, 2024 payment and all amounts coming due since that date.

5.      As of the date of the service of this pleading, the estimated pre-petition mortgage arrearage amount is $42,650.22, including missed payments, and other fees and expenses.

6.      As of the date of the service of this pleading, the estimated payoff is $174,606.50.

7.      The Debtor has engaged in a series of Chapter 13 filings over the years, in order to save the subject property from foreclosure sale, without the intent and/or ability to maintain a successful Chapter 13 Plan. Bankruptcy after bankruptcy has been filed for the sole purpose of frustrating Creditor's attempts to foreclose on the subject property.  These filings are causing Creditor to engage counsel and accumulate fees.

8.      Debtor's first failed Chapter 13, case number 07-17120, was filed on September 20, 2007.  On February 12, 2008, the Trustee filed a Motion to Dismiss for the Debtor's failure to satisfy the requirements under the bankruptcy code and confirm a plan in a timely manner. The case was dismissed on the Trustee's Motion on July 1, 2008.

9.      Debtor's second failed Chapter 13, case number 08-24208, was filed on September 12, 2008. On November 12, 2008, the Trustee filed a Motion to Dismiss for the Debtor's failure to attend the Meeting of Creditors. The Meeting of Creditors was rescheduled twice, as the debtor failed to appear. Therefore, the case was dismissed on the Trustee's Motion on February 27, 2009.

10.      Debtor's third failed Chapter 13, case number 11-51725, was filed on December 29, 2011. Confirmation was denied and the Trustee filed a Motion to Dismiss on May 10, 2012. Movant filed a Motion for Relief, and an Order for Relief was entered on June 6, 2012.  The case was dismissed om the Trustee's Motion on July 11, 2012.

11.      Debtor's fourth failed Chapter 13, case number 12-36461 was filed on September 14, 2012.  Movant filed a Motion for Relief, and an Order for Relief was entered on March 27, 2013.  Again, on June 24, 2013, the Trustee filed a Motion to Dismiss for the Debtor's failure to make plan payments.  The case was dismissed on the Trustee's Motion on July 24, 2013.

12. Debtor's fifth failed Chapter 13, case number 13-36786 was filed on September 18, 2013. Movant filed a Motion for Relief and entered into an Agreed Order with the Debtor on March 25, 2014. On February 19, 2015, the Trustee filed a Motion to Dismiss for the Debtor's failure to make plan payments. The case was dismissed on the Trustee's Motion March 10, 2015.

13. Debtor's sixth failed Chapter 13, case number 15-12044 was filed on April 2, 2015. On November 11, 2015, the Trustee filed a Motion to Dismiss for the Debtor's failure to make plan payments. The case was dismissed on the Trustee's Motion November 23, 2015.

14. Prior to the Debtor's seventh filing, Creditor gave the Debtor a break and allowed the Debtor to enter into a loan modification on August 3, 2016 which brought the mortgage account due for September 1, 2016. That loan modification agreement is incorporated herein and attached hereto as Exhibit "B." However, despite this assistance from Creditor, the Debtor was still unable to maintain his mortgage payments.

15. Debtor's seventh failed Chapter 13, case number 16-37461 was filed on November 18, 2016. On March 8, 2017, the Trustee filed yet another Motion to Dismiss for the Debtor's failure to make plan payments. Movant filed a Motion for Relief on July 3, 2018; however, prior to the Order for Relief being entered, the case was dismissed on July 19, 2018.

16. Debtor's eighth failed Chapter 13, case number 18-23108 was filed on August 16, 2018. Movant filed a Motion for Relief and entered into an Agreed Order with the Debtor on June 13, 2019. Again, the Trustee filed a Motion to Dismiss on July 2, 2019 for the Debtor's failure to make plan payments. The case was dismissed on the Trustee's Motion July 25, 2019.

17. Debtor's nineth failed Chapter 13, case number 20-03722 was filed on February 10, 2020. An Order Denying Debtor's Motion to Extend Stay was entered March 5, 2020 for

reasons stated on the record. Shortly thereafter, on May 20, 2020, the Trustee filed a Motion to Dismiss for Debtor's unreasonable delay for failing to address unfiled tax returns, make plan payments, amend schedules, and confirm a plan in a timely manner. The case was dismissed on the Trustee's Motion on May 28, 2020, less than four months after petition filing.

18. Debtor's tenth dismissed Chapter 13 case number 22-14301 was filed on December 12, 2022. On February 8, 2023, the Trustee filed a Motion to Dismiss for Debtor's unreasonable delay for failing to attend meeting of creditors, provide a market analysis to the value of the property, car valuation, and confirm a plan in a timely manner. The case was dismissed on the Trustee's Motion on March 9, 2023, less than three months after petition filing.

19. Debtor's eleventh failed Chapter 13, case number 24-09023 was filed on June 19, 2024. An Order for Relief from Stay was entered, but ultimately the case was dismissed on the Trustee's Motion on May 15, 2025.

20. Debtor has now filed his twelfth Chapter 13, case number, 25-16093 on October 20, 2025. The same day, the Debtor filed a Motion to Extend Stay. On November 13, 2025, an Order Denying Motion to Extend Stay was entered for reasons stated on the record.

21. According to 11 U.S.C. §1307(c)(1), "[O]n request of a party in interest or the United States Trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including … unreasonable delay by the debtor that is prejudicial to creditors."

22. According to 11 U.S.C. §105(a), "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude

the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

23. Per In re Tabor, 583 B.R. 155 (2018), Congress has expressly bestowed power to the bankruptcy court in section 105 of the Bankruptcy Code to issue any order, process, or judgment that is necessary to carry out the provisions of this title, and that Section 105 grants broad powers to bankruptcy courts to implement provisions of Title 11 and to prevent an abuse of the bankruptcy process. Movant must show the necessity or appropriateness of court action on a matter within the confines of and that goes to the central objectives of bankruptcy and that the requested court action does not contravene a specific limitation of authority found in the statute or rules. In addition, while Chapter 13 does not explicitly contain a good faith requirement for the filing of a petition, Section 1307 (c) of the Bankruptcy Code does state that Chapter 13 petitions may be dismissed 'for cause,' and this court has indicated that lack of good faith is sufficient cause for dismissal under Chapter 13. Ultimately, the Seventh Circuit has directed the bankruptcy courts to look at the totality of the circumstances and, thereby, make good faith determinations on a case-by-case basis.

24. Per In re Sidebottom, 430 F.3d 893 (2005), when determining whether a Chapter 13 petition was filed in good faith, courts take into account the following nonexhaustive list of factors: (a) the nondischargeability of the debt; (b) the time of the filing of the petition; (c) how the debt arose; (d) the debtor's motive for filing the petition; (e ) how the debtor's actions affected creditors; (f) the debtor's treatment of creditors both before and after the petition was filed; and (g) whether the debtor has been forthcoming with the bankruptcy court and creditors.

25. Per Matter of Love, 957 F.2d 1350 (1992), the good faith determination with regard to the filing of a Chapter 13 petition is a fact intensive inquiry to be determined by

looking at the totality of the circumstances.  The focus of the good faith inquiry under Section 1307 is often whether the filing is fundamentally fair to creditors and, more generally, is the filing fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions.

26.    Dismissal of this case with an Order granting a 180-day bar to Debtor re-filing is both a necessary and appropriate remedy, as the Debtor has not acted in good faith under a totality of the circumstances test as outlined below.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order dismissing the current case and imposing upon the Debtor a 180-day bar to refiling another bankruptcy case; and for such other further and different relief as this Court deems just and proper under these circumstances.

Dated: December 2, 2025                    Respectfully Submitted,

/s/ Jon J. Lieberman
Jon J. Lieberman (OH 0058394)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Movant